**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

cc order, docket, remand letter

Los Angeles Superior Court,

**CIVIL MINUTES - GENERAL**

BC391935

| Case No. | CV 08 - 4709 ODW (JWJx) | Date | September 5, 2008 |
|---|---|---|---|
| Title | *Tenzera, Inc.. et al. v. Bankers Ins. Co., et al.* | | |

Present: The Honorable Otis D. Wright II, United States District Judge

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s)  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings(In chambers) :**   **ORDER GRANTING MOTION TO REMAND [11] AND REMANDING ACTION**

Plaintiffs ("Tenzera") filed this bad faith action against their insurer ("Bankers") in Los Angeles County Superior Court.  The controversy concerns a construction dispute between Tenzera and the Ostermans, California homeowners who contracted with Tenzera for certain work.  The complaint initially named the Ostermans as defendants, but they were subsequently dismissed on demurrer.  That dismissal gave rise to diversity between Plaintiffs and Bankers, and Bankers timely removed to this court.  The complaint seeks a declaration as to coverage and alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, and unfair competition, California Business & Professions Code § 17200, *et seq*. Before the Court is Plaintiffs' Motion to Remand Case [11].

Plaintiffs concede diversity exists, but propose that the court remand the declaratory relief claim to state court, and stay proceedings as to the remaining claims pending resolution of the coverage issue.  The court will not do so. *See Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir.1992) ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."). "Indeed, when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-26 (9th Cir. 1998) ("If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation.").

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 08 - 4709 ODW (JWJx) | Date | September 5, 2008 |
|---|---|---|---|
| Title | *Tenzera, Inc.. et al. v. Bankers Ins. Co., et al.* | | |

The court does, however, remand the entire action pursuant to the "voluntary-involuntary rule." This rule provides that an action not initially removable must "remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *California v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) (quoting *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978)). Here, it was the actions of the Ostermans and the state court which made this action removable, not the voluntary acts of Tenzera. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) ("The rule does not allow creation of diversity removal jurisdiction by court order dismissing the nondiverse defendant."). Thus, Bankers' removal was improper. The motion is GRANTED and this action is hereby REMANDED.

**SO ORDERED.**

|  | -- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | RGN |